### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF NEW YORK
### MANHATTAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | NORTHERN DISTRICT OF |
| | ) | GEORGIA, ATLANTA DIVISION, |
| **NEW HAPPY FOOD COMPANY, *et al*,**[1] | ) | CASE NO. 21-54898-JWC |
| | ) | |
| Debtors. | ) | **Jointly Administered for Procedural** |
| | ) | **Purposes Only** |
| ———————————————— | ) | |
| | ) | |
| **PROSPERUM CAPITAL PARTNERS** | ) | Removed Case: |
| **LLC DBA ARSENAL FUNDING,** | ) | |
| | ) | **SUPREME COURT OF THE** |
| Petitioner, | ) | **STATE OF NEW YORK** |
| | ) | **COUNTY OF NEW YORK,** |
| v. | ) | **INDEX NO. 153500/2021** |
| | ) | |
| **NHC FOOD COMPANY INC DBA NHC** | ) | |
| **FOOD COMPANY, NEW HAPPY FOOD** | ) | **ADVERSARY PROCEEDING** |
| **COMPANY, and YOU NAY HOR KHAO,** | ) | **NO. 1-21-07974** |
| | ) | |
| Respondents. | ) | |
| ———————————————— | ) | |

### MOTION TO TRANSFER VENUE

New Happy Food Company ("**New Happy**"), NHC Food Company Inc ("**NHC**"), and Mrs. You Nay Khao ("**Mrs. Khao**," and collectively with New Happy and NHC, the "**Debtors**") by and through their undersigned counsel, and, pursuant to Rule 7087 of the Federal Rules of Bankruptcy Procedure and 28 U.S.C. §§ 1404(a) and 1412, hereby request this Court enter an Order, substantially in the form attached hereto as **Exhibit A**, granting the Motion to Transfer Venue to the District Court for the Northern District of Georgia (this "**Motion**"). The Debtors' chapter 11 bankruptcy cases, Case nos. 21-54898, 21-54899, and 21-54909 (the "**Bankruptcy**

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: New Happy Food Company (9954), NHC Food Company Inc (6148), and You Nay Khao, an individual.

**Cases**"), are currently pending in the Bankruptcy Court for the Northern District of Georgia, Atlanta Division (the "**Georgia Bankruptcy Court**"). The Debtors initiated the instant adversary proceeding (the "**Removed Case**") by filing a Notice of Removal in this District Court for the Southern District of New York, Manhattan Division (this "**Court**") [Doc. 1]. Now, the Debtors seek to consolidate the Removed Case under the Bankruptcy Cases to increase efficiency, decrease costs, and to achieve a consistent result in the respective proceedings. In support thereof, the Debtors respectfully represent to the Court as follows:

INTRODUCTION

1.       Mrs. Khao is the victim of a fraudulent scheme perpetrated by her son to feed his gambling addiction. A refugee from war-torn Cambodia, Mrs. Khao moved to this country, and alongside her husband, lived the American Dream, building a "mom and pop" grocery store from nothing and achieving great success. Sadly, a few years ago, Mrs. Khao became a widow, and her eldest son took control of the family business. Unbeknownst to Mrs. Khao, her son's gambling problem would lead him to forge her signature on over a dozen agreements and guarantees with merchant cash advance lenders, over a half dozen of whom filed various lawsuits, which brought her son's activities to light. According to the language of these agreements, her son purportedly "sold" over 100% of the revenues of the grocery store and related warehouse business. Mrs. Khao had no choice but to file for chapter 11 bankruptcy protection for herself and her two companies. This case is but one of many that the Debtors seek to consolidate in their jointly-administered bankruptcy case to enable the bankruptcy judge to deal with the claims of various creditors claiming rights to the Debtors' assets.

2.       The Removed Case will determine the rights of the parties, including the amounts of claims, if any, asserted by Prosperum (defined below) against the Debtors. If Prosperum

prevails, it could have one of the largest claims in these Bankruptcy Cases. Prosperum has already filed proofs of claim, Proof of Claim No. 1, in NHC and Mrs. Khao's Bankruptcy Case. The Debtors have already objected to those claims and a hearing on the Debtors' claim objection is scheduled for October 28, 2021.

3.      The Court should transfer the Removed Case because it is entirely subsumed within the claims that Prosperum filed against NHC and Mrs. Khao in their bankruptcy cases. This litigation should be heard in the Georgia Bankruptcy Court because of the duplication of efforts, waste of resources, potential for inconsistent results, and increased strain on judicial resources that would result from moving forward with two parallel proceedings in two different courts at the same time.

4.      Even if the Removed Case proceeded to trial in the State Court, there would still need to be proceedings in the Georgia Bankruptcy Court to address issues including the treatment of any resulting claims in the bankruptcy case and the treatment of such claims in any chapter 11 plan.

5.      The Debtors should not be forced to incur the costs of paying attorneys to litigate in piecemeal fashion in multiple forums in multiple states. If this action is not transferred, there is a possibility of conflicting rulings, and defense costs will accrue to the Debtors, impairing the Debtors' ability to reorganize and diminishing the assets available for distribution to creditors.

6.      The Court should transfer the Removed Case to the Georgia Bankruptcy Court and should deny any motion by Prosperum to remand or abstain.

JURISDICTION AND VENUE

7.      This Court has jurisdiction pursuant to 28 U.S.C. §§ 157 and 1334. This proceeding is a core proceeding. On June 29, 2021 and June 30, 2021 (the "**Petition Dates**"), the Debtors filed

voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") in the Georgia Bankruptcy Court and thereby commenced these Bankruptcy Cases. This Removed Case is now pending in this Court.

8.      The Debtors are operating and managing their businesses as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request has been made for the appointment of a trustee or examiner, and a creditors' committee has not been appointed in these Bankruptcy Cases.

9.      This motion arises under 28 U.S.C. §§ 1404(a) and 1412 and Fed. R. Bankr. P. 7087. This motion is filed under Fed. R. Bankr. P. 9014. The Debtors request relief with respect to change of venue to transfer this Removed Case to the Georgia Bankruptcy Court.

BACKGROUND

10.      The Removed Case began when Prosperum Capital Partners LLC DBA Arsenal Funding ("**Prosperum**") filed a complaint (the "**Complaint**") asserting claims for breach of contract, breach of a personal guarantee, and for attorney's fees (the "**Claims**") allegedly stemming from the conduct of the Debtors, in the Supreme Court of the State Of New York, County Of New York (the "**State Court**") as *Prosperum Capital Partners LLC v. NHC Food Company Inc DBA NHC Food Company, New Happy Food Company, You Nay Hor Khao*, Index No. 153500/2021 (the "**State Court Case**"), which the Debtors have removed to this Court.

11.      Debtor You Nay Khao and her husband immigrated to the United States from Cambodia as refugees after the outbreak of civil war there. Mrs. Khao and her husband, along with many other southeast Asian immigrants, settled in Atlanta, Georgia.

12.      After settling in their new community, Mrs. Khao and her husband started a small grocery store, operated by New Happy, in College Park, Georgia to provide unique cultural foods

4

from Asia and Africa. As the business continued to grow, the Khaos started NHC to provide wholesale distribution to local restaurants and other buyers in bulk. From the start, Mrs. Khao and her husband ran and owned New Happy, and later NHC, together. Mrs. Khao managed the day-to-day operations of the businesses, and her husband managed the finances. Sadly, Mrs. Khao's husband passed away in 2015, leaving Mrs. Khao as the primary owner and operator of New Happy and NHC. This presented a significant issue as Mrs. Khao never had the chance to learn how to read or write her native language, let alone English. *See* Declaration of Seng Ly Hall, attached hereto as **Exhibit B** and incorporated herein by reference. Her husband had always handled the bookkeeping and finances. Consequently, Mrs. Khao had no choice but to turn to her oldest son, Kim Ngov Hor a/k/a Danny Hall, to manage the finances of the business.

13.     Since 2016, Mr. Hall had acted as the Chief Financial Officer of New Happy and Secretary for NHC. At some point, Mr. Hall had developed a serious gambling problem. From early 2020 through the middle of 2021, Mr. Hall fueled his gambling addiction by forging Mrs. Khao's name as representative of New Happy and NHC as well as in her individual capacity as personal guarantor on over 15 lending agreements with merchant cash advance lenders ("**MCAs**"), including Prosperum. In all, Mr. Hall obtained over $3 million in funds from MCAs via this fraudulent scheme. Limited by her circumstances, Mrs. Khao was dependent on her oldest son's assurances. For over a year, Mr. Hall concealed the MCA loans and the resulting weekly payments that sapped the Debtors' cash reserves and bank accounts.

14.     Mr. Hall, without corporate authority, purported to enter the Debtors into a similar agreement with Prosperum on March 22, 2021, when Mr. Hall forged the signature of Mrs. Khao, thereby fraudulently purporting to enter NHC and New Happy into a "revenue purchase agreement" with Prosperum (the "**Revenue Purchase Agreement**"). Mr. Hall forged Mrs. Khao's

signature as representative of NHC and New Happy and her signature in her individual capacity as personal guarantor.

15.     Under the terms of the Revenue Purchase Agreement, Prosperum allegedly funded $106,900.00 in cash, actually $63,688.38 after fees, (which Mr. Hall intercepted for his own use), and, in exchange, allegedly purchased 9% of NHC's future accounts receivable, up to $155,005.00, with Prosperum allegedly entitled to a $5,166.83 daily remittance. Per the Complaint, New Happy and NHC made payments totaling $41,334.64 on this fraudulent debt, leaving a balance of $113,670.36.

16.     Mr. Hall's conduct finally came to light in May 2021 when he could no longer hide the impact from the MCA loans on the Debtors' finances. At that point, over 100% of the Debtors' revenue streams and/or accounts receivable were "sold" to MCAs. In all, Mr. Hall fraudulently "sold" 112% and 160% of New Happy and NHC's revenue streams and/or accounts receivables, respectively, as shown below:

| MCA | New Happy Percentage of Revenue Stream and/or Accounts Receivable | NHC Percentage of Revenue Stream and/or Accounts Receivable |
|---|---|---|
| Hunter Caroline Holdings LLC | 15% | 15% |
| River Capital Partners, LLC | 12% | 12% |
| Highbridge Funding LLC | 20% | 20% |
| Green Note Capital Partners, Inc. | 0% | 12% |
| CFG Merchant Solutions, LLC | 10% | 0% |
| The Avanza Group, LLC | 25% | 25% |
| Bridge Funding Cap, LLC | 0% | 25% |
| EBF Holdings, LLC d/b/a Everest Business Funding | 15% | 0% |
| Fox Capital Group, Inc. | 0% | 15% |
| KYF Global Partners, Inc. | 0% | 12% |
| NewCo Capital Group VI, LLC | 15% | 15% |
| Prosperum Capital Partners LLC d/b/a Arsenal Funding | 0% | 9% |
| **TOTAL** | **112%** | **160%** |

17.     Inevitably, the Debtors could no longer make the weekly and daily payments due on the fraudulent MCA loans causing the Debtors to default under the loan agreements and multiple MCA lenders to file complaints against the Debtors including the following in addition to this Removed Case (collectively the "**MCA Cases**"):

a.  *Green Note Capital Partners Inc. v. NHC Food Company, You Nay Hor Khao and New Happy Food Company, Supreme Court for the State of New York County of Kings, Index. No. 508288-2021;*

b.  *Newco Capital Group VI, LLC v. NHC Food Company, Inc Dba NHC Food Company; NHC Food Co Inc.; New Happy Food Company; First Khao Enterprises LLC; NHC Food Asian & African Food Distributors; NHC Food and You Nay Hor Khao, Supreme Court for The State Of New York County of Ontario, Index No. 129230-2021;*

c.  *River Capital Partners LLC, V. NHC Food Company, Inc, New Happy Food Company and You Nay Khao, Supreme Court for The State Of New York County of Kings, Index No. 508621-2021;*

d.  *The Avanza Group, LLC V. New Happy Food Company, NHC Food Company and You Nay Hor Khao, Supreme Court for The State of New York County of Kings, Index No. 508828-2021;*

e.  *Fox Capital Group, Inc. v. NHC Food Company, Inc, New Happy Food Company and You Nay Hor Khao, Supreme Court for the State of New York County of Kings, Index No. 512054-2021;*

f.  *Merchant Adavance LLC v. HNC Food Company Inc., New Happy Food Company, and Younay Khao Hor, Supreme Court for the State of New York County of Kings, Index No. 509107-2021; and*

g.  *KYF Global Partners Inc. v. NHC Food Company, New Happy Food Company, and You Nay Hor Khao, Supreme Court for the State of New York County of Kings, Index No. 508452-2021.*

18.     As a result, the Debtors were forced to file chapter 11 bankruptcy on June 29 and June 30, 2021. Mr. Hall's employment with New Happy and NHC was terminated, and Seng Ly Hall a/k/a Steven Hall was appointed Chief Financial Officer of New Happy and NHC. *See* Declaration of Seng Ly Hall, attached hereto as **<u>Exhibit B</u>** and incorporated herein by reference.

19.     On July 1, 2021, Prosperum filed a proof of claim in NHC and Mrs. Khao's Bankruptcy Cases, Proof of Claim No. 1 in each case, claiming damages in the amount of $113,670.36 (or the balance owed per the Complaint) based on an alleged breach of contract (the "**Bankruptcy Claim**"). The Debtors filed an objection to Prosperum's Proofs of Claim on September 24, 2021 [Case No. 21-54898, Doc. 129], which commenced a contested matter with respect to the Bankruptcy Claim (the "**POC Proceeding**"). The allowance or disallowance of Prosperum's proof of claim will necessarily need to be resolved by the Georgia Bankruptcy Court.

20.     Thereafter, the Debtors filed a Notice of Removal pursuant to 28 U.S.C. § 1452 and Fed. R. Bankr. P. 9027 to remove the State Court Case to this Court and thereby commenced this Removed Case. The Debtors have removed several other cases as well in an effort to consolidate proceedings in one court with one judge.

21.     The Bankruptcy Claim and the Removed Case are based on the same allegations against the Debtors. The damages Prosperum seeks in the Removed Case will be entirely subsumed within the Bankruptcy Claim and the POC Proceeding. Additionally, the Georgia Bankruptcy Court will have to sort out which claimants, including Prosperum, are entitled to what (if anything) and determine the priority amongst the claims of the other creditors.

### RELIEF REQUESTED AND BASIS FOR RELIEF REQUESTED

22.     The Debtors request that the Court enter an order transferring the Removed Case to the District Court for the Northern District of Georgia (the "**Georgia District Court**"), which is the district where the Bankruptcy Cases are pending, where it may then be referred to the Georgia Bankruptcy Court, and that any motion by Prosperum to remand be denied.

23.     The Court should transfer venue of the Removed Case to the Georgia District Court because it is duplicative and entirely subsumed within the Bankruptcy Claim that Prosperum has

filed against the Debtors in the Bankruptcy Cases. The Bankruptcy Claim's allowance will be determined in the Georgia Bankruptcy Court in the POC Proceeding, so the Removed Case, consisting of the same or similar issues, should be decided there as well.

24.     The process of allowance and disallowance of claims is a core proceeding in which the Georgia Bankruptcy Court has jurisdiction and authority to enter a final order. *In re Manville Forest Prod. Corp.*, 896 F.2d 1384, 1390 (2d Cir. 1990) ("The determination of the objection to and allowance of [claims] is clearly within the traditional core jurisdiction of the bankruptcy court.") (citations omitted); *see also Tyler v. Banks (In re Tyler)*, 493 B.R. 905, 913 (Bankr. N.D. Ga. 2013) (observing that "perhaps the best example [of a core matter arising in a bankruptcy case] is a proceeding necessary to rule on a creditor's proof of claim").

25.     As a threshold matter, the Northern District of Georgia is a proper venue and would have jurisdiction over this action because it is related to the Bankruptcy Case.  At a minimum, for a bankruptcy court to have jurisdiction over a matter, it must be "related to" a pending bankruptcy case.  *In re Tyler*, 493 B.R. 905, 912 (Bankr. N.D. Ga. 2013) (*citing Cont'l Nat. Bank of Miami v. Sanchez (In re Toledo)*, 170 F.3d 1340, 1345 (11th Cir. 1999)).   "Related to" jurisdiction is "extremely broad." *Id*.  "While 'related to' jurisdiction is not 'limitless,' . . .  it is fairly capacious, and includes 'suits between third parties which have an effect on the bankruptcy estate.'" *SPV OSUS, Ltd. v. UBS AG*, 882 F.3d 333, 340 (2d Cir. 2018) (*quoting Celotex Corp. v. Edwards*, 514 U.S. 300, 317–318 n.5 (1995)).

26.     "In determining whether a proceeding is related to a bankruptcy case, the question is whether its outcome 'could conceivably have an effect on the estate being administered in bankruptcy.'" *Tyler*, 493 B.R. at 912 (*citing Miller v. Kemira, Inc. (In re Lemco Gypsum, Inc.)*, 910 F.2d 784, 788 (11th Cir. 1990) (*quoting Pacor, Inc. v. Higgins*, 743 F.2d 984 (3d Cir. 1984))).

"The proceeding need not necessarily be against the debtor or against the debtor's property." *Id*. (*quoting Pacor*). "An action is related to bankruptcy if the outcome could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and which in any way impacts upon the handling and administration of the bankrupt estate." *Id*. (*quoting Pacor*).

27.     The Removed Case is related to the Bankruptcy Case and will affect the Debtors' bankruptcy estates. With over 100% of the Debtors' revenue streams and/or accounts receivable purportedly "sold," the Georgia Bankruptcy Court will have to make a decision as to which creditors are entitled priority. If a judgment were to be entered by the State Court on the Claims, it would circumvent the procedures in the Georgia Bankruptcy Court for the treatment of all claims in the Bankruptcy Cases. The Claims against the Debtors may decrease the funds available to other creditors, which would undoubtedly affect the administration of the bankruptcy estates.

**This Case Should Be Transferred to Georgia Pursuant to 28 U.S.C. § 1412.**

28.     This Court has authority under 28 U.S.C. § 1412 to transfer this case to the Northern District of Georgia.  As a threshold matter, there is "hardly any doubt that a Motion to Change Venue is a 'core' proceeding as it is undoubtedly a matter 'concerning the administration of the estate.'"  *In re Whilden*, 67 B.R. 40, 42 (Bankr. M.D. Fla. 1986) (citing 28 U.S.C. § 157(b)(2)(A)).

29.     Transfer under 28 U.S.C. § 1412 to the Georgia District Court is consistent with the "'strong bankruptcy code policy' in favor of centralized litigation in the district where a related bankruptcy case is pending." *Georgia Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 521 (S.D.N.Y. 2015) (*quoting In re Cuyahoga Equip. Corp.*, 980 F.2d 110, 117 (2d Cir. 1992)). Section 1412 provides that a "district court may transfer a case or proceeding under title 11 to a district court for another district, in the interest of justice ***or*** for the convenience of the parties." 28 U.S.C. § 1412 (emphasis added).

30.     The interests of justice favor transfer because it would be inefficient for the New York Bankruptcy Court or the State Court to be deciding the same issues in the Removed Case as the Georgia Bankruptcy Court is deciding in the POC Proceeding or other contested matter (not to mention the potential for conflicting rulings). The "interests of justice are furthered when a case is transferred to a venue that would promote judicial economy." *Delaware Tr. Co. v. Wilmington Tr., N.A.*, 534 B.R. 500, 520 (S.D.N.Y. 2015) (citation omitted).

31.     As for the second potential grounds for transfer under § 1412:

In balancing the relative conveniences or hardships of the parties, courts have examined several factors which include: (1) the proximity of creditors to the court; (2) the proximity of the debtor to the court; (3) the proximity of necessary witnesses; (4) the location of assets; (5) the economic administration of the estate; (6) relative advantages and obstacles to a fair trial; (7) economic harm to a debtor; and (8) inability of a party to defend in the new forum.

*In re Whilden*, 67 B.R. 40, 42 (Bankr. M.D. Fla. 1986).

32.     "The most important factor is whether the transfer of the proceeding would promote the economic and efficient administration of the estate." *In re Butcher*, 46 B.R. 109, 112 (Bankr. N.D. Ga. 1985) (citation omitted).  In this case, transferring venue to allow inclusion of this matter in the administration of the Debtors' bankruptcy estates promotes judicial efficiency, the centralization and administration of all claims, and increases the economic and efficient administration of the bankruptcy estates. *Dunlap v. Friedman's, Inc*., 331 B.R. 674 (S.D. W. Va. 2005) (finding the economic and efficient administration of the estate is the most important fact in considering a transfer of venue).

33.     The remaining factors favor transfer as well.  Much of the issues addressed in the Complaint pertain to events or people in Georgia. The bulk of the relevant evidence, most of the witnesses, and the majority of the parties to the Removed Case reside in Georgia. Mrs. Khao is a resident of Georgia, and New Happy and NHC's principal places of business are in Georgia. Also,

the Debtors' officers and employees are all residents of Georgia.  Additionally, the vast majority, if not all, of the Debtors' assets are located in Georgia. *See* Declaration of Seng Ly Hall, attached hereto as **Exhibit B** and incorporated herein by reference.

34.     The Debtors are hundreds of miles from this Court and are located within the jurisdiction of the Georgia Bankruptcy Court.  Necessary witnesses include Danny Hall, Mrs. Khao, and Steven Hall, who are all located in Georgia.  The relative advantages and obstacles to a fair trial are lessened in Georgia, where the Debtors can defend themselves more economically. The Debtors are greatly harmed economically by having to spend money on a second set of lawyers to litigate multiple lawsuits in New York, in addition to dealing with all of their creditors in their pending chapter 11 cases.

### This Case Should Also Be Transferred to Georgia Under 28 U.S.C. § 1404.

35.     Also, this Court has broad discretion under 28 U.S.C. § 1404 to transfer this action to Georgia. Section 1404(a) provides "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Under § 1404, a "two-step inquiry is required." *Kwik Goal, Ltd. v. Youth Sports Publ'g, Inc*., No. 06 CIV.395(HB), 2006 WL 1517598, at *1 (S.D.N.Y. May 31, 2006). "First, courts establish whether the case could have been filed in the transferee district and if so, determine whether the convenience and the interests of justice favor transfer." *Id*. (citations omitted).

36.     First, the Removed Case could have been filed in Georgia because that is where all of the Defendants reside, and complete diversity exists. The amount in controversy requirement is also met here as the demand exceeds $75,000. Second, as also discussed previously, the relevant balance of convenience factors and the interests of justice favor transfer to Georgia. The majority

of the parties, most of the witnesses, and the bulk of the evidence are present in Georgia. Moreover, justice would be best served if matters that are intertwined with the Bankruptcy Cases are all handled by the same court, as it would be inefficient to have related matters handled in separate courts. Accordingly, transfer to Georgia is appropriate.

CONCLUSION

WHEREFORE, the Debtors respectfully request that this Court (i) transfer this case to the Northern District of Georgia pursuant to 28 U.S.C. §§ 1404 and/or 1412, and (ii) grant such other relief as is just and proper.

Dated: September 28, 2021

**JOHN A. COLEMAN, JR., ESQ., P.C.**

*/s/ John Coleman*
John A. Coleman, Jr.
488 Madison Avenue, Suite 2001
New York, NY 10036
Tel. (212) 575-2079
*Counsel for Respondents*

**-AND-**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
(404) 581-5038 Facsimile
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Counsel for New Happy Food Company
and NHC Food Company Inc*
(*Pro Hac Vice* Motion Forthcoming)

**-AND-**

WIGGAM & GEER, LLC

*/s/ Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: (404) 233-9800
F: (404) 287-2767
wgeer@wiggamgeer.com
*Counsel for You Nay Khao*
(*Pro Hac Vice* Motion Forthcoming)

**EXHIBIT A**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**
**MANHATTAN DIVISION**

| | | |
|---|---|---|
| **IN RE:** | ) | **NORTHERN DISTRICT OF** |
| | ) | **GEORGIA, ATLANTA DIVISION,** |
| **NEW HAPPY FOOD COMPANY, *et al*,[1]** | ) | **CASE NO. 21-54898-JWC** |
| | ) | |
| Debtors. | ) | **Jointly Administered for Procedural** |
| | ) | **Purposes Only** |
| ──────────────────────── | ) | |
| **PROSPERUM CAPITAL PARTNERS** | ) | **Removed Case:** |
| **LLC DBA ARSENAL FUNDING,** | ) | |
| | ) | **SUPREME COURT OF THE** |
| Petitioner, | ) | **STATE OF NEW YORK** |
| | ) | **COUNTY OF NEW YORK,** |
| v. | ) | **INDEX NO. 153500/2021** |
| | ) | |
| **NHC FOOD COMPANY INC DBA NHC** | ) | |
| **FOOD COMPANY, NEW HAPPY FOOD** | ) | |
| **COMPANY, and YOU NAY HOR KHAO,** | ) | **ADVERSARY PROCEEDING** |
| | ) | **NO. 1-21-07974** |
| Respondents. | ) | |
| ──────────────────────── | ) | |

**ORDER TO TRANSFER VENUE**

The above-entitled matter came before the Court on the motion of the above captioned

Debtors and Debtors-in-possession for an order to transfer venue.

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each Debtor's federal tax identification number, if applicable, are: New Happy Food Company (9954), NHC Food Company Inc (6148), and You Nay Khao, an individual.

Upon the foregoing motion, arguments of counsel, and all of the files, records, and proceedings herein:

IT IS ORDERED:

1. The Motion is GRANTED.

2. The venue for the above-captioned adversary proceeding is transferred to the District Court for the Northern District of Georgia.

### <b>END OF ORDER</b> ###

**Prepared and Presented by:**

**JOHN A. COLEMAN, JR., ESQ., P.C.**

*/s/ John Coleman* _
John A. Coleman, Jr.
New York Bar No.
488 Madison Avenue, Suite 2001
New York, NY 10036
Tel. (212) 575-2079
*Counsel for Respondents*

**-AND-**

**ROUNTREE LEITMAN & KLEIN, LLC**

*/s/ Taner N. Thurman*
William A. Rountree, Ga. Bar No. 616503
Benjamin R. Keck, Ga. Bar No. 943504
Taner N. Thurman, Ga. Bar No. 835238
Century Plaza I
2987 Clairmont Road, Suite 350
Atlanta, Georgia 30329
(404) 584-1238 Telephone
(404) 581-5038 Facsimile
wrountree@rlklawfirm.com
bkeck@rlklawfirm.com
tthurman@rlklawfirm.com
*Counsel for New Happy Food Company
and NHC Food Company Inc
(Pro Hac Vice Motion Forthcoming)*

**-AND-**

**WIGGAM & GEER, LLC**

*/s/ Will B. Geer*
Will B. Geer, Ga. Bar No. 940493
50 Hurt Plaza, SE, Suite 1150
Atlanta, Georgia 30303
T: (404) 233-9800
F: (404) 287-2767
wgeer@wiggamgeer.com
*Counsel for You Nay Khao*
(*Pro Hac Vice* Motion Forthcoming)

17

**Exhibit B**

**DECLARATION OF SENG LY HALL A/K/A STEVEN HALL**

I, Seng Ly Hall a/k/a Steven Hall, make the following declaration:

1.      I am over the age of 18 and I am a resident of the State of Georgia, I suffer no legal disabilities, and if called as a witness, I could testify completely to the facts set forth herein. I am the Chief Financial Officer of New Happy Food Company ("New Happy") and NHC Food Company Inc ("NHC"), Debtors in the instant bankruptcy case.

2.      You Nay Khao, my mother, and Kim Ngov Hor a/k/a Danny Hall, my brother, are residents of the State of Georgia.

3.      Mrs. Khao cannot speak, read, or write English.

4.      New Happy and NHC's principal places of business and the vast majority of their assets are in Georgia.

5.      All of New Happy's and NHC's employees and officers are located in Georgia.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

_____

Seng Ly Hall
Chief Financial Officer, New Happy Food Company
Chief Financial Officer, NHC Food Company Inc